# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## CLEVELAND DIVISION

| | |
|---|---|
| **MRS. KEON A. ROGERS-REED**, ) | |
| 1230 Florida Ave. ) | Case No.: |
| Akron, Ohio 44314, ) | |
| ) | Judge: |
| and, ) | |
| ) | |
| **MR. CORNELIOUS L. REED**, ) | **COMPLAINT FOR NEGLIGENCE** |
| 1230 Florida Ave. ) | **(MOTOR VEHICLE ACCIDENT) FOR** |
| Akron, Ohio 44314 ) | **PERSONAL INJURIES** |
| ) | *(DIVERSITY JURISDICTION)* |
| Plaintiffs, ) | |
| ) | *(Jury Demand Endorsed Hereon)* |
| v. ) | |
| ) | |
| **MS. FELISITY CLAUDIA PETERSON**, ) | |
| 805 Pine City Rd. ) | |
| Shippenville, PA 16254, ) | |
| ) | |
| and, ) | |
| ) | |
| **RUSTLER SALES & SERVICE LLC**, ) | |
| Registered Agent, ) | |
| 196 Airport Rd. ) | |
| Shippenville, PA 16254, ) | |
| ) | |
| and, ) | |
| ) | |
| **JOHN AND JANE DOES, 1-10,** ) | |
| **JOHN DOE CORPORATIONS 1-10, and** ) | |
| **OTHER JOHN DOE ENTITIES 1-10,** ) | |
| **all whose true names are unknown,** ) | |
| ) | |
| Defendants. ) | |

NOW COME the Plaintiffs, *Mrs. Keon A. Rogers-Reed, and Mr. Cornelius L. Reed*, and for their Complaint against the Defendants hereby allege and aver the following:

Plaintiffs' Complaint for negligence and personal injuries (motor vehicle accident) – Diversity Jurisdiction - 1

1 - 1 -

## THE PARTIES, JURISDICTION, AND VENUE

1. The Plaintiffs are real persons, residing in the County of Summit, City of Akron, State of Ohio.  The Plaintiffs are married.

2. The Defendant, Ms. Felisity Claudia Peterson, is a real person, residing in the State of Pennsylvania.  Furthermore, at all times relevant, the Defendant engaged in conduct in Medina County, Ohio that gave rise to the Plaintiffs' claims herein.  This is a motor vehicle accident case, and the collision at issue took place on I-71 Northbound in the Township of Harrisville, County of Medina, Ohio.  Said Defendant was the driver of the at-fault vehicle.

3. The Defendant, Rustler Sales & Service LLC, upon information and belief, is a corporation, with its principal place of business located in the State of Pennsylvania. The Pennsylvania Secretary of State lists said entity's registered office as 196 Airport Rd., Shippenville, PA 16254.  Furthermore, at all times relevant, the Defendant engaged in conduct in Medina County, Ohio that gave rise to the Plaintiffs' claims herein.  This is a motor vehicle accident case, and the collision at issue took place on I-71 Northbound in the Township of Harrisville, County of Medina, Ohio.  Said entity was the owner of the at-fault motor vehicle, and presumably the employer of the at-fault driver.

4. Upon information and belief, Defendants John and Jane Does 1 through 10 (the "Individual Defendants") are individuals whose names and addresses of residence are presently unknown after reasonable diligence.

5. Upon information and belief, Defendants John Doe Corporations 1 through 10 (the "Corporate Defendants") are corporations, the names and addresses of residences of which are presently unknown after reasonable diligence.

6. Upon information and belief, Defendants Other John Does Entities 1 through 10 (the "Other Entity Defendants") are other legal entities, the names and addresses of residences of which are presently unknown after reasonable diligence.

7. The Individual Defendants, Corporate Defendants, and Other Entity Defendants are collectively referred to as the Defendants.

8. The U.S. District Court for the Northern District of Ohio has subject matter jurisdiction over this civil action pursuant to diversity of citizenship principles, 28 U.S.C. § 1332, since the parties are citizens of different states and the amount in controversy exceeds $75,000.

9. The U.S. District Court for the Northern District of Ohio has personal jurisdiction over the Defendants in this matter since they acted negligently within this judicial district and caused harm to the Plaintiffs.  It is reasonable and foreseeable for them to be hauled into Court in the federal court that has jurisdiction over Medina County, Ohio, when they acted negligently in Medina County, and caused a major motor vehicle accident ("MVA").  Ohio's long-arm jurisdiction also provides for personal jurisdiction over the Defendants.

10. Venue is proper in this Court because the Defendants engaged in activities within the judicial district of the County of Medina that gave rise to the Plaintiffs' claims herein.

## FACTUAL ALLEGATIONS

11. The Plaintiffs hereby incorporate by reference each and every statement made in this Complaint, whether written above or below, as if each is fully re-written herein.

12. On January 21, 2022, the Plaintiffs and Defendants were involved in a motor vehicle accident ("MVA").

13. While travelling northbound on I-71 in Medina County, the Defendants' Kenworth commercial truck merged from the left lane to the center lane and struck the Plaintiffs' car, which acted akin to a pit maneuver, which caused the Plaintiffs' car to swing off the left side of the roadway, strike a median barrier, and overturn.

14. The Plaintiffs' vehicle at rest following the MVA:



15. The Defendant failed to maintain the right of way and crashed her truck into the side of the Plaintiffs' car.  The Defendant was cited with at least violation of Ohio RC 4511.39, improper turn signals.

16. The Defendants were negligent and negligent *per se*.

17. The impact of the crash caused property damage to the Plaintiffs' vehicle, and further caused the Plaintiffs to suffer personal injuries and damages of a severe and permanent nature.

18. The Plaintiff, Mrs. Keon A. Rogers-Reed, received medical treatment and will continue to seek medical treatment as a result of the injuries sustained from the crash.

19. Plaintiff hit her head in the MVA, lost consciousness, was transported by ambulance to the ER, underwent extensive medical treatment and physical therapy, and continues to suffer residual pain and discomfort to this day, and will continue to suffer into the future.

## CLAIM NO. 1
*(Negligence)*

20. The Plaintiffs hereby incorporate by reference each and every statement made in this Complaint, whether written above or below, as if each is fully re-written herein.

21. In tort law, whether a defendant owes a duty to a plaintiff depends upon the relationship between them.  *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St. 3d 96, 98.  Whether a duty exists depends on the foreseeability of injury.  *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77.  Injury is foreseeable if a defendant knew or should have known that her act was likely to result in harm to someone.  *Mudrich v. Standard Oil Co.* (1950), 153 Ohio St. 31, 39.

22. Once the existence of a duty is found, a defendant must exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances.  *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318.

23. The Defendants owed a duty of care to the Plaintiffs to operate her motor vehicle with due care consistent with traffic and safety laws.

24. The Defendants breached their duty of care owed to the Plaintiffs by operating their commercial truck in a negligent manner and by crashing her vehicle into the Plaintiffs' vehicle.

25. The Defendant was cited for the violation of a statute in connection with crashing her vehicle into the Plaintiffs' vehicle and the violation of that statute further constitutes negligence *per se*.

26. The Defendant, Rustler Sales & Service LLC, further was negligent in the hiring, training, and/or retention of their employee and agent, Defendant Peterson.

27. As a direct and proximate result of the Defendants' negligence, the Plaintiffs suffered personal injuries and damages of a severe and permanent nature, experienced pain and discomfort, and will continue to experience pain and discomfort.

### **PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiffs pray for judgment in their favor and against the Defendants, jointly and severally, on all of their claims, and request an award of compensatory damages that is above and beyond the jurisdictional minimum to be later proven at trial; together with interest and attorney's fees; an award of costs; and for any other relief in law or equity that this honorable Court deems just and proper.

Plaintiffs further request a trial by jury by the maximum number of jurors permitted by law.

Most Respectfully Submitted,

*/s/ David A. Welling*
**DAVID A. WELLING (Ohio Bar No. 75934)**
CHOKEN WELLING LLP
3020 W. Market St.
Akron, Ohio 44333
Tel. (330) 865-4949
Fax (330) 865-3777
Email davidw@choken-welling.com

**WILLIAM J. DAY (Ohio Bar No. 5087)**
8227 Brecksville Road, Ste. 201
Brecksville, Ohio 44141
Tel. (440) 526-5111
Fax (440) 526-2194
Email bill@williamjdaylaw.com

*Counsel for the Plaintiffs*